## ISTINCHEYOU v. CLARK et al.

No. 10353—Opinion Filed Oct. 11, 1921.

Rehearing Denied Dec. 13, 1921.

(Syllabus.)

1. Marriage — Presumption of Validity — Burden of Proof.

When the defendant showed a formal ceremony of marriage by a person appearing to be a regularly ordained minister at the time and place alleged between parties competent to contract marrage, and that the parties thereafter lived together as man and wife, during which time a child Rosa was born, the law immediately attaches thereto all the presumptions necessary to make the marriage valid and the child legitimate, and the burden is on the plaintiff to show by clear,

126    84 Oklahoma Reports

distinct, positive, and satisfactory proof, its invalidity.

### 2. Same—Sufficiency of Evidence.

Record examined, and held, that the evidence amply sustains the findings of fact of the trial court that Istincheyou and Zelphia were legally married and that Rosa was born of such marriage.

Error from District Court, Pontotoc County; J. W. Bolen, Judge.

Action by Annie Istincheyou against Rosa Clark and others to cancel deed and quiet title. Judgment for defendants, and plaintiff brings error. Affirmed.

Robt. Wimbish and W. C. Duncan, for plaintiff in error.

C. F. Green, for defendants in error.

KANE, J. This was an action to cancel a deed and to quiet title to a certain tract of real estate, commenced by the plaintiff in error, plaintiff below, against the defendants in error, defendants below. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendants," respectively, as they appeared in the trial court. Upon trial to the court there was a judgment in favor of the defendants, to reverse which this proceeding in error was commenced.

The land involved was the homestead allotment of Fomister Istincheyou, a full-blood Chickasaw Indian who died intestate prior to the commencement of this action. The plaintiff, who was conceded to be the surviving wife of the allottee, claims to be his sole heir, and the action was commenced to cancel a deed to an undivided one-half interest in the allotment made by Rosa Clark and Joe Clark, her husband, the former claiming to be a surviving child and heir of Fomister Istincheyou by a former wife.

It seems that the other defendants, C. H. Rives, L. A. Braly, and M. F. Manville, are grantees of the Indian claimants, and the question whether the judgment rendered by the trial court is correct turns upon the question whether there is evidence in the record reasonably tending to support the finding of the trial court to the effect that Rosa Clark was the legitimate child of Fomister Istincheyou, deceased, by a former wife, or, as stated by counsel for plaintiff in his brief:

"The sole and only question submitted to the trial court in the case was, whether or not the defendants have established a marriage between Fomister Istincheyou (John Foster) and Zelphia. There was no attempt to prove that there was ever a marriage license issued authorizing the joining of these persons in the bonds of matrimony."

We are unable to agree with counsel as to the sufficiency of the evidence in the respects pointed out. It seems to us that the evidence adduced at the trial amply tended to establish a marriage between Istincheyou and Zelphia. The uncontradicted evidence shows that, sometime during the year 1874, Fomister Istincheyou, who, as we have seen, was a full-blood Chickasaw Indian, and Zelphia, a negro woman, consummated a marriage contract by having the same solemnized by a negro minister of the gospel, and that thereafter they lived together as husband and wife in the Chickasaw Nation for something like 20 years, during which time the child Rosa was born; that subsequently, after a lapse of more than 20 years, Fomister Istincheyou married the plaintiff which relation continued until the death of the allottee.

We think the contention that the marriage of Istincheyou and Zelphia was void because the evidence failed to show that there was a marriage license issued authorizing the joining of these persons in the bonds of matrimony or that the minister who performed the ceremony was a duly ordained minister, is wholly without merit.

The error into which counsel for plaintiff seems to have fallen lies in assuming that the burden of proof is on the defendants to show all the essential requisites of a valid marriage, and that, having failed to show a marriage license was issued or that the person performing this ceremony was a regularly ordained minister, the case fails. This is not the law. When the defendant showed a formal ceremony of marriage by a person appearing to be a regularly ordained minister at the time and place alleged between parties competent to contract marriage, and that the parties thereafter lived together as man and wife, during which time the child, Rosa, was born, the law immediately attaches thereto all the presumptions necessary to make the marriage valid and the child legitimate, and the burden is on the plaintiff to show by clear, distinct, positive, and satisfactory proof, its invalidity.

As was said by Mr. Justice Sharp in Chancey v. Whinnery, 47 Okla. 272, 147 Pac. 1036:

"The law is astute to preserve the sanctity of the marriage relation, the legitimacy of children and stability of descent and distribution, and therefore presumes innocence * * * in the absence of proof to the contrary. * * * The law is so positive in requiring a party who asserts the illegality of a marriage to take the burden of proving it that such requirement is in force, even though it involved the proving a negative."

As stated by another court:

"Where there is enough to create a foundation for the presumption of marriage, it can be repelled only by the most cogent and satisfactory evidence." Hynes v. McDermott, 91 N. Y. 459; Megginson v. Megginson (Ore.) 28 Pac. 388.

We are so thoroughly convinced that the trial court's finding on the question of fact now under consideration is amply supported by the evidence that we do not deem it necessary to notice the defense of estoppel set up by the defendants.

For the reasons stated, the judgment of the trial court is affirmed.

HARRISON, C J., and JOHNSON, MILLER, and KENNAMER, JJ., concur.